```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
                                                       :
MARIA BARRETTO,                                        :    **OPINION AND ORDER**
                                                       :    **REMANDING TO**
                              Plaintiff,               :    **STATE COURT**
                                                       :
       -against-                                       :
                                                       :    06 Civ. 3973 (AKH)
HORTENSIA GONZOLEZ                                     :
(a/k/a HORTENSIA GONZALEZ) AS                          :
ADMINISTRATOR OF THE ESTATE                            :
OF DENNIS MOJICA,                                      :
                                                       :
                              Defendant.               :
-------------------------------------------------------x
```

ALVIN K. HELLERSTEIN, U.S.D.J.:

The issue raised by this case is whether I have jurisdiction to resolve a dispute between the former wife, and the more recent female companion, of a New York City fireman who died in the World Trade Center collapse of September 11, 2001. The object of the dispute is a Victim Compensation Fund award given by Special Master Kenneth Feinberg to the fireman's surviving daughter. For the reasons that follow, I hold that I lack jurisdiction to hear this dispute, and I remand the case to the New York Supreme Court for Kings County, from which it was removed.

### Background

**I.   Facts**[1]

Lieutenant Dennis Mojica of the New York City Fire Department was one of many firefighters who came to the World Trade Center to put out the fires caused by the terrorist-related aircraft crashes of September 11, and was trapped in the towers when they

---

[1] The background facts for this opinion, including the spellings of names, are taken from plaintiff's complaint except where otherwise noted.

-1-

collapsed. Dennis Mojica was survived by his daughter, Allessandria Mojica, a minor. Hortensia Gonzalez is Allessandria Mojica's biological mother and the defendant in this case. Mojica, at the time of his death, had been living with another woman, Maria Barretto, the plaintiff. Maria Barretto and Dennis Mojica had been living together for eight years preceding Mojica's death, together with Allessandria Mojica and Maria Barretto's two daughters. Barretto's complaint alleges that she and Dennis Mojica were engaged to be married.

Shortly after the terrorist attacks, Congress created the September 11th Victim Compensation Fund ("the Fund") to provide compensation to the relatives of persons like Dennis Mojica. See ATSSSA, Pub. L. 107-42, § 403, 115 Stat. 230, 237 (Sept. 22, 2001) (codified as amended at 49 U.S.C. § 40101 note). Defendant Gonzalez filed a claim on the Fund on behalf of Dennis Mojica as his "personal representative." See ATSSSA § 405(c)(2)(C). Special Master Kenneth Feinberg determined that under the regulations and applicable New York law, the entire amount of compensation should be distributed to the unmarried decedent's minor child, Allessandria Mojica. See Letter from Jennean R. Rogers to U.S. District Court (October 30, 2006) ("Rogers Letter"), Ex. B at 2. As a minor, however, Allessandria Mojica does not have control of the Victim Compensation Fund award; instead, Hortensia Gonzalez has legal control of the award as Mojica's "Representative Payee." See Rogers Letter at 2. The parties dispute whether Gonzalez has exercised control of the award consistent with her fiduciary duties.

## II.     Complaint and Procedural History

The complaint alleges that defendant breached her fiduciary obligations to plaintiff by collecting compensation from the Fund in excess of that authorized by the Surrogate's Court of New York County and by failing to distribute plaintiff's fair share of the

Fund award to plaintiff.  See Complaint ¶¶ 69–84.[2]  In particular, plaintiff alleges that defendant collected an award of $1.7 million from the Fund, an amount she was not authorized to collect.  According to the complaint, defendant was not authorized to collect more than $50,000.  Plaintiff further alleges that Special Master Feinberg increased the total amount of the award by $520,000 as a consequence of her presence in the Mojica household, and that defendant's refusal to distribute that amount to plaintiff breaches a fiduciary duty.

Plaintiff filed her complaint in the Supreme Court of the State of New York for Kings County.  Defendant removed the case to the United States District Court for the Eastern District of New York, which transferred the case to this Court.  After reviewing the complaint, I ordered defendant to show cause why this case should not be remanded to state court.  Responding to my order, defendant argues that plaintiff's "claim arises from the Special Master's determination that she was not entitled to any portion of the award" and that "this Court has jurisdiction over cases resulting from the events of 9/11."  Rogers Letter at 2–3.  I now turn to the merits of these arguments.

## Discussion

**I.    Applicable Law**

    A.  Removal and Remand

A party may remove "any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States."  28 U.S.C. § 1441(b).  If the removal action is challenged on motion by a party or by the district court sua sponte, the removing party bears the burden of showing that removal

---

[2] Plaintiff also asserts various causes of action relating to ownership and control of a cooperative apartment that she and Dennis Mojica inhabited; defendant concedes that this Court lacks original jurisdiction to hear claims relating to the apartment.  See Rogers Letter at 3.

was properly based on federal jurisdiction.  See Grimo v. Blue Cross/Blue Shield, 34 F.3d 148, 151 (2d Cir. 1994).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction over a case removed to it from a state court, the district court must remand the case to the state court from which it was removed.  28 U.S.C. 1447(c).

      B.  Federal Jurisdiction under the Air Transportation Safety and System Stabilization Act

"The United States District Court for the Southern District of New York shall have original and exclusive jurisdiction over all actions brought for any claim … resulting from or relating to the terrorist-related aircraft crashes of September 11, 2001."  ATSSSA § 408(b)(3).  Thus the question before me in this case is whether plaintiff's state law causes of action for breach of fiduciary duty nevertheless arise out of or relate to the events of September 11 within the meaning of § 408(b)(3).  A full description of the Court's jurisdiction under the ATSSSA is not appropriate in this case, however.  Previous cases have compelled the courts to examine in detail the jurisdictional boundaries of the statute, see McNally v. Port Auth. (In re WTC Disaster Site Litig.), 414 F.3d 352 (2d Cir. 2005), but this case is not one of them.

**II.  Federal Jurisdiction to Hear Barretto's Complaint**

Plaintiff Barretto's case raises no common issues of law or fact involving the events of September 11, 2001, and therefore does not state a federal cause of action under the ATSSSA.  See Canada Life Assurance Co. v. Converium Ruckversicherung (Deutschland) AG, 335 F.3d 52, 59 (2d Cir. 2003) ("Section 408(b)(3) does not vest [the Court] with jurisdiction over actions … that involve no claim or defense raising an issue of law or fact involving" the events of September 11, 2001).

Plaintiff asserts that an individual, Hortensia Gonzalez, owed her a fiduciary duty; that Gonzalez breached that duty; and that because of that breach, she is entitled to damages.

The injury she alleges was not sustained on September 11, 2001, nor did it occur during the ensuing response to the terrorist attacks, or during the debris removal effort. She does not allege that airlines, property managers, municipalities, state agencies, or any other entity that played a role in the events of September 11 is liable for her injuries. The facts pertinent to her case are those facts that would show that defendant, as administrator of Dennis Mojica's estate and his personal representative before the Fund, owed plaintiff a fiduciary duty, and that defendant breached that duty. Thus as part of her case, plaintiff might introduce evidence that decedent died intestate and that she was decedent's partner in a "longstanding domestic relationship." See Cruz v. McAneney, 31 A.D.3d 54, 58 (N.Y. App. Div. 2006) (holding that allegation that decedent's personal representative breached fiduciary duty to distribute Fund award in manner consistent with New York law states cause of action). The facts of plaintiff's case are not common facts involving the events of September 11, 2001, which is to say, her claim does not arise out of or relate to those events. See Canada Life, 335 F.3d at 59. Therefore, plaintiff does not state a federal cause of action under the ATSSSA.

## Conclusion

For all of the foregoing reasons, I hold that this Court lacks jurisdiction to hear plaintiff's case under the ATSSSA. The case is remanded to the New York Supreme Court for Kings County, from which it was removed. No costs are awarded to either party.

SO ORDERED.

Dated: November 29, 2006
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge